Gary M. Anderson (State Bar No. 97385)
Michael J. Moffatt (State Bar No. 180,343)
Jessica Brookhart-Knost (State Bar No. 246244)
FULWIDER PATTON LLP
200 Oceangate, Suite 1550
Long Beach, California 90802
Telephone: (562) 432-0453
Facsimile: (562) 435-6014
docketlb@fulpat.com

Attorneys for D & D GROUP PTY LTD, D & D TECHNOLOGIES PTY LTD and D & D TECHNOLOGIES (USA), INC.

John L. DuPré (*pro hac vice* pending)
HAMILTON, BROOK, SMITH & REYNOLDS, P.C.
530 Virginia Road
P.O. Box 9133
Concord, MA 01742-9133
Telephone: (978) 341-0036
Facsimile: (978) 341-0136

Attorneys for R. T. CLARK MANUFACTURING, INC.,

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| D & D GROUP PTY LTD, an Australian corporation, D & D TECHNOLOGIES PTY LTD, an Australian corporation and D & D TECHNOLOGIES (USA), INC., a California corporation<br><br>Plaintiff,<br><br>v.<br><br>R. T. CLARK MANUFACTURING, INC., a Massachusetts corporation<br><br>Defendant. | CASE NO. SACV07- 731 DOC(MLGx)<br><br>JOINT PROTECTIVE ORDER<br><br>Assigned to Hon. David O. Carter<br>Complaint Filed: June 22, 2007<br><br><br>NOTE: CHANGES MADE BY THE COURT |

## I. INTRODUCTION

**WHEREAS**, in the course of this litigation, disclosure may be sought of information which a Party or Third Party regards as being of a confidential, trade secret, and/or proprietary nature;

1  **WHEREAS** the Parties each represents that it has endeavored to maintain the confidentiality of their trade secrets and sensitive business information, and ascribe significant competitive and commercial value to it based on its confidentiality;

4  **WHEREAS** the Parties agree that unrestricted dissemination of their trade secrets and sensitive business information between the parties, or unfettered access by the public to it, would be potentially irreparable to its value;

7  **WHEREAS** the Parties further believe that discovery of such information, on a restricted basis, may be necessary to prepare this matter for trial and to efficiently conduct the trial;

10 **WHEREAS**, for the purposes of pending litigation and to facilitate discovery between Plaintiffs D& D Group Pty Ltd, D & D Technologies Pty Ltd, and D & D Technologies (USA), Inc., (hereinafter referred to as "Plaintiffs"), and Defendant R. T. Clark Manufacturing, Inc. (hereinafter referred to as "Defendant"), and specifically to facilitate the discovery of any confidential, proprietary, or sensitive information, the Parties believe there is a need to establish a mechanism to protect the disclosure of such confidential, trade secret, or proprietary information in this action such that information should be produced under a protective order pursuant to Fed. R. Civ. P. 26(c); and

19 **GOOD CAUSE HAVING BEEN SHOWN;**

20 **IT IS HEREBY ORDERED** that the following protective order shall govern the disclosure of confidential, trade secret, and/or proprietary information provided in discovery in this action by any Party or Third Party.

23 **II.   DEFINITIONS**

24  The following definitions apply in this protective order:

25  A.   The designation "**CONFIDENTIAL**" may be applied by a Party or Third Party to any type of information which that Party or Third Party believes in good faith to constitute, contain, reveal or reflect proprietary or confidential financial, business, commercial, technical, personnel or related information. The

1  designation made by a Party or ThirdParty shall be a certification to the Court and to
2  other parties that such information is believed earnestly to be Confidential within the
3  meaning of this Joint Protective Order.  All involved in making such designation
4  shall act in good faith, and such designation shall not be made to impose burden or
5  delay on an opposing party, for tactical or other advantage in litigation, or in order
6  to avoid embarrassment.  Information designated as "CONFIDENTIAL" in
7  accordance with this provision shall be treated as Confidential Information until it
8  ceases to be covered by this Joint Protective Order.
9        B.    The designation "**CONFIDENTIAL – ATTORNEY'S EYES ONLY**"
10 may be applied by a Party or Third Party to any type of information which that party
11 or third party believes in good faith to constitute, contain, reveal or reflect
12 proprietary or confidential financial, business, commercial, technical, personnel or
13 related information which is so highly sensitive and confidential as to require the
14 possession of such information to be limited to the counsel of record and their
15 agents only.  This designation shall be made as sparingly as possible and shall be a
16 certification to the Court and the other parties that such information is believed
17 subject to this more restrictive classification within the meaning of this Joint
18 Protective Order.
19       C.    "**Confidential Information**" refers to all information which is subject
20 to the designations "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S
21 EYES ONLY" as described above.
22       D.    "**Party**" or "**Parties**" refers to any party to this litigation, including any
23 of the Plaintiffs or Defendant, and any cross-complainant or cross-defendant, in the
24 above captioned action.
25       E.    "**Third Party**" means every person or entity not a party to this action
26 that provides information, either testimonial or documentary, for use in this
27 litigation through discovery or otherwise.
28       F.    "Counsel of Record" means the attorneys who have entered an

appearance on behalf of a Party to this litigation and all members, partners and employees of the firm for each such attorney.

G. "**Order**" means this Protective Order.

### III. TERMS OF THIS PROTECTIVE ORDER

#### A. Materials Subject to Designation.

All depositions, originals or copies of transcripts of depositions, exhibits, answers to interrogatories and requests for admissions; and all documents, materials, tangible things and information obtained by inspection of files or facilities, by production of documents or by identification of documents previously gathered (hereinafter collectively referred to as "Information") may be designated by the Party or a Third Party producing the Information in conformity with the definitions set forth above.

#### B. Treatment of "CONFIDENTIAL – ATTORNEY'S EYES ONLY" Information.

Except as provided in Paragraphs D and E below, information designated by a Party or Third Party as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" and all information derived therefrom (excluding such information as is derived lawfully from an independent source) shall not be disclosed, given, shown, made available or communicated in any way to any person or entity other than Counsel of Record. Such information shall be used only for the purposes of this litigation, and shall not directly or indirectly be used for any business, financial, or other purpose whatsoever.

#### C. Treatment of "CONFIDENTIAL" Information.

Except as provided in Paragraphs D and E below, documents designated as "CONFIDENTIAL" and all information derived therefrom (excluding such information as is derived lawfully from an independent source) shall not be disclosed, given, shown, made available, or communicated in any way to any person or entity other than Counsel of Record, the Parties to this action and their current

employees. Before disclosure to any person or entity other than Counsel of Record, the person to whom such information is to be disclosed shall execute and deliver to the Counsel of Record making the disclosure a written agreement in the form attached hereto as Exhibit A. Such information shall be used only for the purposes of this litigation, and shall not directly or indirectly be used for any business, financial or other purpose whatsoever.

### D. Outside Expert Consultants.

Documents designated as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" and "CONFIDENTIAL" may also be shown to outside experts or consultants, together with their clerical personnel, who are retained by a party in connection with the preparation for trial or trial in this action, provided that before disclosure to any such expert or consultant, the person to whom such information is to be disclosed shall execute a written agreement in the form attached hereto as Exhibit A. The completed Exhibit A shall be sent to the Counsel of Record for the designating Party five (5) business days before any such disclosure occurs. If the designating Party objects, the designating Party shall provide the grounds for objection in writing to the Party proposing to retain the expert and the disclosure shall not take place in the absence of an agreement by the Parties or a Court Order. The foregoing notwithstanding, any such expert or consultant who is an employee of a competitor of any of the Parties shall not be shown or otherwise given access to documents or information designation "CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "CONFIDENTIAL", and any such expert of consultant that is an employee of any of the Parties shall not be shown or otherwise given access to documents or information designated as "CONFIDENTIAL – ATTORNEY'S EYES ONLY".

### E. Request for Additional Disclosure.

If any Counsel of Record desires to give, show, make available or communicate to any person apart from those permitted under Paragraphs B, C, and

D any information designated as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "CONFIDENTIAL", that counsel of record shall first obtain the written consent of the designating party through such party's counsel or seek leave of Court to do so. Each person to whom the Confidential Information is to be given, shown, made available or communicated must execute a written confidentiality agreement, in the form attached hereto as Exhibit A. Only after all of the foregoing conditions have been fully satisfied may the Confidential Information be given, shown, made available or communicated to any person other than those permitted under Paragraphs B, C, and D.

### F. Record of Disclosure

A file shall be maintained by the Counsel of Record making a disclosure to third parties of all written agreements signed by person to whom materials designated as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "CONFIDENTIAL" have been given. A copy of each such agreement shall be sent to Counsel of Record for the designating party within five (5) days of disclosure, and said file shall be made available for inspection and copying by opposing counsel upon written request.

### G. Maintenance of Designated Information.

Counsel of Record receiving designated information that is provided pursuant to this Order shall maintain such designated information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody and use of all designated information, so as to prevent the unauthorized or inadvertent disclosure of any designated information.

### H. Manner of Designating Documents.

A Party or Third Party shall designate documents containing Confidential Information by placing a legend in plain view on each page of any document that Party or Third Party wishes to protect against disclosure or use. This legend shall state "CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "CONFIDENTIAL",

as appropriate. A designation of Confidential Information as to any thing of which inspection or sample has been requested shall be made by placing a "CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "CONFIDENTIAL" legend on the thing or container within which it is stored, or by some other reasonable means of designation agreed upon by the Parties.

Alternatively, documents may be made available for an initial inspection by Counsel of Record for the requesting (receiving) party prior to the furnishing party producing copies of selected items. In such cases, documents shall be inspected only by Counsel of Record for the receiving party who is permitted access to anything designated "CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "CONFIDENTIAL" pursuant to the terms of this Order, prior to furnishing copies to the receiving party. Such initial inspection shall not constitute waiver of confidentiality with respect to any document so inspected.

### I. Initial Failure to Designate Information.

The initial failure to designate information "CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "CONFIDENTIAL" in accordance with this Order shall not preclude any Party or Third Party, at a later date, from so designating the documents and to require such documents be treated in accord with such designation from that time forward. If such information has previously been disclosed to persons no longer qualified after such designation, the disclosing party shall take reasonable efforts to obtain all such previously disclosed information, advise such persons of the claim of confidentiality, and have such persons execute a written confidentiality agreement in the form attached hereto as Exhibit A. With respect to any documents produced to date by either Party or any depositions that have been taken to date, either Party has until 30 days after the entry of this Order in which to designate all or part of any such document or deposition as containing "CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "CONFIDENTIAL" information.

### J. Manner of Designating Depositions.

In the case of a deposition, or oral examination of a present or former officer, employee or agent of one of the Parties, Counsel of Record may, at the commencement of such deposition, temporarily designated the entire deposition as "CONFIDENTIAL", provided, however, that where such an initial designation has been made, the designating Party, within fifteen (15) days after receipt of the transcript, shall mark as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "CONFIDENTIAL" those pages of the transcript as such Party shall then deem confidential, (the confidential designation of all remaining pages being rescinded after such period), and shall notify the other Party in writing which pages are deemed Confidential Information. In the event that such notice is not sent within said fifteen (15) days of the receipt of the transcript, no portion of the deposition shall thereafter be confidential unless the designating Party thereafter notifies the other Party that the failure to timely designated occurred by oversight.

### K. Court Reporters

Any court reporter who reports the testimony in this action at a deposition shall agree, before reporting any such testimony involving Confidential Information, that all Confidential Information is and shall remain confidential and shall not be disclosed except to the Counsel of Record and any other person who is present while such testimony is being given; that copies of any transcript, reporter's notes or any other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by such reporter or shall be delivered to the Counsel of Record for the designating party or to the Court subject to the provisions hereof.

### L. Filing Documents with the Court.

All information designated as Confidential Information which is filed or lodged with the court, or any pleading or memorandum purporting to reproduce or paraphrase such information, shall be filed or lodged in sealed containers on which shall be recorded the title to this action, the general nature of the contents, the words

"CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "CONFIDENTIAL", and a statement substantially the following form:

"This sealed container filed in this case contains confidential materials generally identified as ["CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "CONFIDENTIAL"] filed under seal pursuant to the Protective Order of the court. Pursuant to the Protective Order, this container shall not be opened nor the contents thereof revealed except to the Court, including court personnel as necessary for handling of the matter. After such opening or revelation, the container shall be resealed with the contents inside."

Upon default of the filing or lodging party properly to designate Confidential Information and file or lodge such information in accordance with this Order, any Party who in good faith believes that designation and filing under seal is required may do so within five (5) days of learning of the defective filing or lodging. Notice of such designation shall be given to all Parties. Nothing in this provision relieves a Party of liability for damages caused by failure to properly file such information under seal. This provision shall not prevent an appropriately marked second copy of any paper specifically intended for review by the Court being hand-delivered to the Court to assure that the same is brought promptly to the Court's attention.

**M.     No Effect on Party's Own Use.**

Nothing contained in this Order shall affect the right of a Party to disclose to its officers, directors, employees, partners or consultants or to use as it desires any information designated and produced by it as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "CONFIDENTIAL".

**N.     No Effect on Disclosure to Author or Addressees.**

Nothing contained in this Order shall affect the right of a Party to disclose any information designated as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "CONFIDENTIAL" to the author or addressees of the document.

**O.     No Applicability to Public Information.**

1  The restrictions on dissemination of confidential information shall not apply
2  to (i) information which prior to disclosure hereunder is either in the possession or
3  knowledge of an inspecting party or person who, absent this order, is under no
4  restriction regarding its dissemination, or (ii) information which is public knowledge
5  or which after disclosure, becomes public knowledge other than through an act or
6  omission of a party receiving the confidential information.

### P.  Legal Effect of Designations.

8  The designation by a Party of Third Party of any document, material or
9  information as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" or
10 "CONFIDENTIAL" is intended solely to facilitate discovery in this action, and
11 neither such designation nor treatment in conformity with such designation shall be
12 construed in any way as an admission or agreement by any party that the designated
13 disclosure constitutes or contains any trade secret or confidential information.  This
14 Order shall not prejudice the right of any party to bring before the Court a motion
15 seeking a declaration that information produced by the other party has been
16 wrongfully designated as Confidential Information and should not be subject to the
17 terms of this Order, provided, however, that the receiving party shall first attempt to
18 resolve the issue informally with the designating party.  A party bringing such
19 motion shall have the burden of proving that the information designated as
20 Confidential Information is in the public domain or was in possession of the
21 receiving party prior to its disclosure through discovery in this action, or is
22 otherwise not appropriately designated as Confidential Information.  Failure to so
23 designate any document or thing shall not constitute a waiver of any claim by a
24 party that such documents or things do contain trade secrets, proprietary
25 information, and/or confidential information.

### Q.  Final Disposition of Action.

27 Within 60 days after the final disposition of this action, including appeals,
28 each Counsel of Record shall, upon the request of a Party or Third Party: (a)

promptly return to Counsel of Record for the designating party all information designated "CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "CONFIDENTIAL" and all copies made thereof which are not in custody of the Court; or (b) promptly destroy or see to the destruction of all writings related thereto, including but not limited to notes, analyses, memoranda or reports provided to or by any other persons, and certify to the designating party that such destruction has been done.  As an exception to the above, Counsel of Record may retain a single file copy of any document filed with the Court, a copy of any written discovery response, and a transcript of any deposition testimony, together will all exhibits thereto.  The copy of these retained documents shall be treated as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" and counsel of record shall immediately notify opposing Counsel of Record of any attempt by Third Parties to inspect and/or copy said documents.

### R. Motion for Relief From Designation.

If, subsequent to a Party's receipt of information designated "CONFIDENTIAL –ATTORNEY'S EYES ONLY" or "CONFIDENTIAL", it shall appear to such Party that any such information is not of a nature warranting the protection afforded hereunder, such part shall first notify Counsel of Record for the designating party in writing, provided its reasons for challenging the designation.

The designating party shall then notify the objecting party in writing of the bases for the asserted designation within five (5) business days after receiving such written objection from the objecting party.  The parties shall then confer in good faith in an effort to informally resolve the validity of the designating party's designation within ten (10) business days after the objecting party has received the designating party's notice of the bases for the asserted designation.  Counsel of Record for either Party can grant an extension of time for this conference as mutually agreed upon.

If the dispute is not resolved after fifteen (15) business days after notice of

objection, the objecting party may bring a noticed motion to be relieved of its obligations under this Order as to any such Information. The producing party bears the burden of proof that any designated material meets the requirements for such designation. The material shall in all respects be treated as Confidential Information from the time of original designation until the Court has determined the issue.

### S.  Modification of Order.

This Order shall not prevent any of the Parties or a Third Party from applying to the Court for relief therefrom, or from applying to the Court for further or additional Protective Orders, or from agreeing between themselves to modification of this Protective Order, subject to the approval of the Court.

### T.  Burden of Proof.

An inspecting Party asserting that the information is not confidential or was possession prior to disclosure, or was acquired or developed independently, and therefore not subject to this Order, or is improperly categorized, shall have the burden of establishing the validity of its position.

### U.  Survival of Terms.

Absent written modification hereof by the Parties hereto or further order of the Court, the provisions of this Order that restrict the disclosure and use of Confidential Information shall survive the final disposition of this action and continue to be binding on all persons subject to the terms of this Order.

### V.  Effect on Discovery.

This Order shall not preclude or limit the right of any Party to oppose discovery on any ground which would otherwise be available.

### W.  Submitting to Jurisdiction of the Court.

Each Party and person to whom disclosure of any designated Information is made shall be subject to and hereby submits to the jurisdiction of the United States District Court for the Central District of California for the purpose of contempt

Case 8:07-cv-00731-DOC-MLG Document 22 Filed 03/10/08 Page 13 of 16 Page ID #:69

1 proceedings in the event of any violation of this Order.

2     **X.    Violation of Order.**

3 In the event anyone shall violate or threaten to violate any term of this Order, the Parties agree that the aggrieved Party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Order and, in the event the aggrieved Party shall do so, the respondent person subject to the provisions of this Order shall not employ as a

8 / / /

9 / / /

10 / / /

54313.1    JOINT PROTECTIVE ORDER    Civil Action No. SACV07- 731 DOC(MLGx)    13    787938

1  defense thereto the claim that the aggrieved party possesses an adequate remedy at
2  law.  The Parties and any other person subject to the terms of this Order agree that
3  this Court has jurisdiction over such person or party for the purpose of enforcing this
4  Order.  In the event that any confidential information is disclosed by a receiving
5  Party in violation of this Order, the confidential information shall not lose its status
6  through such disclosure, and the Parties shall take all steps reasonably required to
7  assure its continued confidentiality.

8       **SO STIPULATED.**

9  DATED: March 3, 2008               FULWIDER PATTON LLP

                                      By:  /S/ Gary M. Anderson
                                           Gary M. Anderson
                                           Michael J. Moffatt
                                           Jessica Brookhart-Knost

                                      Attorneys for Plaintiffs

15 DATED: February 28, 2008           McDERMOTT WILL & EMERY LLP

                                      HAMILTON, BROOK, SMITH &
                                      REYNOLDS, P.C.

                                      By: /s/ Matthew F. Weil
                                           Matthew F. Weil

                                      Attorneys for Defendant

# ORDER

FOR GOOD CAUSE SHOWN, the foregoing Protective Order, requested by stipulation of the parties, is hereby entered.

Documents subject to this order may be filed under seal only by specific order of the Court. If a party desires to file a document subject to this order under seal, the party shall submit a stipulation signed by all parties explaining specifically what documents are at issue and why they deserve heightened protection from disclosure. If the parties are unable to reach a stipulation, the party desiring the file under seal may submit an ex parte application, explaining both why the Court should allow the filing to be under seal and also why the parties were unable to reach a stipulation. Only in exceptional circumstances will the Court allow briefs to be filed under seal.

**IT IS SO ORDERED.**

By: *[signature: David O. Carter]*

DATED: March 11, 2008

David O. Carter
United States District Judge

**EXHIBIT A: NONDISCLOSURE AGREEMENT**

STATEMENT OF _____[NAME]

I, _____ [name], hereby acknowledge that I understand that any Confidential Information provided to me is subject to the terms and conditions of the Stipulated Protective Order in Case No. SACV07- 731 DOC (MLGx), pending in the United States District Court for the Central District of California.  Having been given a copy of this Protective Order, and having read and understood its contents, I hereby expressly agree to be bound by the terms and provisions thereof.  I will hold in confidence any Confidential Information which is disclosed to me and will use it only for purposes set forth in the Stipulated Protective Order, and will not disclose such information to anyone not qualified thereunder.

My present address is _____ [address].  My present phone number is _____ [phone number]. My present employer is _____ [employer], where I am a _____ [employment position].

I understand that I am to retain all copies of any of the materials I receive, which have been so designated as Confidential Information, in a container, drawer, cabinet, room, or other safe place in a manner consistent with the Order, and that all copies are to remain in my custody until I have completed my assigned or legal duties, at which time I will return or destroy the copies as specified in the Order.  I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations of confidentiality imposed upon me by the Order.

I hereby submit to the jurisdiction of this Court in this action solely for the purpose of enforcement of this Stipulation and Protective Order."

_____          _____
Date                             Signature